IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TODD CHENEY AND ANTHONY BOTTITA | ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **JURY TRIAL REQUESTED** |
| BALFOUR BEATTY COMMUNITIES, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW, Plaintiffs Todd Cheney and Anthony Bottita, by and through undersigned counsel, and hereby bring this action against Defendant Balfour Beatty Communities, LLC.

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging that Defendant failed to pay Plaintiffs the correct amount of overtime wages during the period of their employment. As a result of its failure to comply with the FLSA, Defendant is liable to Plaintiffs for unpaid

overtime wages, an equal amount as liquidated damages, and reasonable attorney's fees.

## PARTIES

2. Plaintiff Todd Cheney is a citizen of Florida and resides in Jacksonville, Florida.

3. Plaintiff Anthony Bottita is a citizen of Georgia and resides in Kings Bay, Georgia.

4. Defendant is a Delaware corporation with its principle office located at 10 Campus Boulevard, Newtown Square, Pennsylvania 19073. Defendant may be served with process by delivering a copy of the complaint and summons to its Registered Agent, C T Corporation System, located at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question).

6. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because it has sufficient minimum contacts with the forum state, including, but not limited to: its possession of assets in Georgia, its maintenance of business and employment relationships in Georgia, its formation of

contracts in Georgia with Georgia residents, and its registration to do business in Georgia with the Georgia Secretary of State.

7. Defendant is an employer covered by the FLSA because (1) it is an employer engaged in interstate commerce, (2) its employees (including Plaintiff) are engaged in interstate commerce, and (3) it has at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A).

8. Pursuant to 28 U.S.C. § 1391(d), Defendant is subject to venue in the Northern District of Georgia because its contacts with this District "would be sufficient to subject it to personal jurisdiction if [this] district were a separate State . . . ." Defendant's systematic and continuous contacts with this district include, but are not limited to, contracts and ongoing business relationships it has formed with Atlanta-based law firms, architecture firms, and constructions firms. Moreover, Defendant's parent corporation and/or sister corporations, including Balfour Beatty Construction, maintain offices in Atlanta. Furthermore, Defendant's registered agent is located in Atlanta.

9. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in this Court because Defendant resides within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## COUNT ONE: FAILURE TO PAY OVERTIME

10. Defendant hired Plaintiff Bottita for the position of Maintenance Technician in March of 2009, and it hired Plaintiff Cheney for the same position in June of 2009. Plaintiffs remain employed by Defendant, but they have not performed any work or received any compensation since January of 2011, when they stopped working due to job-related injuries. Plaintiffs' job duties included maintaining plumbing, electrical, and HVAC systems, and Plaintiffs also repaired drywall and performed light carpentry.

11. Defendant paid Plaintiffs an hourly wage of approximately $15 per hour.

12. During the period of Plaintiffs' employment, Defendant required Plaintiffs to be "on call" one week out of every three to five weeks. During these weeks, Defendant required Plaintiffs to keep an employer-provided cell phone with them at all times.

13. Residents at Defendant's housing facility could call an answering service after regular business hours to report maintenance emergencies. After a resident called the answering service, the service would call the "on call" employee, and the "on call" employee would call the resident to learn more about the resident's maintenance issue.

14. Defendant failed to compensate Plaintiffs for the substantial time they spent on maintenance-related phone calls during on-call weeks. Defendant also failed to maintain accurate records of the time Plaintiffs spent answering such calls—which is an independent violation of the FLSA. These violations occurred regularly during the entire period of Plaintiffs' active employment with Defendant.

15. During on-call weeks, Plaintiffs were also required to fill out paperwork relating to maintenance issues when they were working from home. Defendant failed to compensate Plaintiffs for the time they spent preparing paperwork, and Defendants also failed to keep accurate records of this time. These violations occurred regularly during the entire period of Plaintiffs' active employment with Defendant.

16. Defendant regularly paid Plaintiffs a nondiscretionary "beeper bonus" but failed to include this bonus when calculating Plaintiffs' regular hourly rate. As a result, Defendant paid Plaintiffs overtime compensation at a rate lower than that required by the FLSA. This violation occurred regularly during the entire period of Plaintiffs' active employment with Defendant.

17. Even though Defendant provided Plaintiffs with a lunch break of approximately one hour, Plaintiffs were occasionally interrupted by their supervisors while eating lunch. These work-related interruptions converted

Plaintiffs' lunch periods into compensable time under the FLSA. These violations occurred regularly during the entire period of Plaintiffs' active employment with Defendant.

18. On information and belief, Defendant miscalculated Plaintiffs' work hours by failing to credit them for time they worked in the mornings prior to clocking-in. This violation occurred regularly during the entire period of Plaintiffs' active employment with Defendant.

19. Defendant's violations of the FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because Defendant (1) failed to maintain accurate time records, (2) failed to credit Plaintiffs' "beeper bonuses" towards their regular hourly rate, and (3) failed to compensate Plaintiffs at all for the substantial time they worked from home fielding and making phone calls and filling out paperwork.

20. Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendant is liable to Plaintiffs for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against Defendant, and ask for relief as follows:

a. That Plaintiffs receive judgment against Defendant for unpaid overtime wages dating back to three years from the date that this action is filed;

b. That Plaintiffs receive judgment for liquidated damages equal to the amount of unpaid overtime wages;

c. That Plaintiffs receive judgment against Defendant for costs and attorney's fees; and

d. That Plaintiffs receive such other and further relief as the Court deems just and proper.

This 6th day of February, 2012.

|  |  |
|---|---|
| **MAYS & KERR LLC**<br>229 Peachtree Street NW<br>International Tower \| Suite 980<br>Atlanta, GA 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (877) 813-1845<br>Attorneys for Plaintiff | /s/ Jeff Kerr<br>Jeff Kerr<br>Ga. Bar No. 634260<br>jeff@maysandkerr.com<br><br>John L. Mays<br>Ga. Bar No. 986574<br>john@maysandkerr.com |